**CASE NO. 24-2179**

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| MARK W. SPINELLI, | ) |
| | ) |
|        Plaintiff/Appellee, | ) |
| | ) |
| vs. | ) |
| | ) |
| COHERUS BIOSCIENCES, INC., | ) |
| | ) |
|        Defendant/Appellant. | ) |

On Appeal from the United States District Court
For the District of New Mexico
The Honorable Judge David H. Urias
D.C. No. 1:23-cv-00361-DHU-KK

**APPELLANT'S REPLY BRIEF**

Respectfully submitted,

Vanessa L. DeNiro, Esq.
DENIRO LAW, LLC
P.O. Box 45104
Rio Rancho, NM  87124
Phone: (505) 252-1697
Fax: (505) 750-9836
vanessa@denirolaw.com
**Attorney for Appellant**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... ii

TABLE OF AUTHORITIES ........................................................................ v

INTRODUCTION ....................................................................................... 1

ARGUMENT ............................................................................................. 2

I.   THE DISTRICT COURT INCORRECTLY DISMISSED
COUNT I AND IV OF APPELLANT'S AMENDED COMPLAINT
PURSUANT TO Fed. R. Civ. P. 12(B)(6) ........................................ 2

   A. Standard of Review of Dismissal Pursuant to
Fed. R. Civ. P. 12(B)(6)............................................................... 2

   B. The District Court Improperly Applied the
Twombly/Iqbal Standard In Dismissing
Appellant's Amended Complaint
Pursuant to Fed. R. Civ. P. 12(B)(6)........................................ 4

   C. The District Court Incorrectly Dismissed Appellant's
NMHRA Disability/Serious Medical Condition
Discrimination Claim................................................................. 6

      i.   Appellant Has Alleged a Disability/Serious
Medical Condition as Defined by the NMHRA............. 6

      ii.  The Amended Complaint Alleges that Appellant
Has an NMHRA-Covered Serious Medical Condition
Which Substantially Limits a Major
Life Activity................................................................... 11

      iii. The District Court Should Have Inferred a
Substantially Limiting Disability or Serious Medical
Condition Based on the Amended Complaint............... 12

      iv. Appellant is a Qualified Person with a
Disability/Serious Medical Condition........................... 14

      v.  Appellant relies on Case Law Sufficient to
Support his Claims........................................................ 17

D. The District Court Incorrectly Dismissed Appellant's
   NMHRA Retaliation Claim........................................................ 19

   i.   Coherus Did Not Employ a Facially Neutral
   COVID-19 Vaccine Policy............................................... 19

   ii.   Appellant Never Waived Arguments as to Temporal
   Proximity....................................................................... 20

E. The District Court Incorrectly Dismissed Appellant's
   Common Law Retaliation Claim............................................... 21

II.   THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING
APPELLANT'S MOTION TO ALTER OR AMEND JUDGMENT
UNDER FED. R. CIV. P. 59(E) AND REQUEST FOR LEAVE TO
AMEND ..................................................................................... 22

A. The Standard of Review For the District Court's Denial
   Of Rule 59(E) Motion to Alter Or Amend Is
   Abuse of Discretion.................................................................. 22

B. The District Court Abused Its Discretion In Denying
   Appellant's Rule 59(E) Motion to Alter Or Amend.................. 23

   i.   The District Court Improperly Denied
   Reconsideration of Appellant's Disability
   Discrimination and Retaliation Claims in
   Count I of the Amended Complaint................................ 23

   ii.   The District Court Improperly Denied
   Reconsideration of Appellant's Common Law
   Retaliation Claim in Count IV
   of the Amended Complaint............................................. 25

C. The District Court Incorrectly Denied Appellant's Request
   for Leave to Amend the Amended Complaint.......................... 25

   i.   Appellant Meets His Burden Under Rule 59(E) in his
   Request for Leave to Amend.......................................... 26

   ii.   Amendment to the Amended Complaint
   Would Not Be Futile...................................................... 27

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT........ 28

CERTIFICATE OF SERVICE ....................................................................... 29

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*
    771 F.3d 697, 700-01 (10th Cir. 2014)........................................................ 28

*Allen v. SouthCrest Hosp.*
    455 F. App'x 827, 25 (10th Cir. 2011).................................................. 18-20

*Ashcroft v. Iqbal*
    56 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)............. 2-5, 20

*Bell Atl. Corp. v. Twombly*
    550 U.S. 127, 544, 548, 555, 570, S. Ct. 1955, 167 L. Ed. 2d 929
    (2007)................................................................................................. 2, 4-5

*Broil v. Kan. Bureau of Investigation*
    No. 24-2029-DDC-RES, 2025 U.S. Dist. LEXIS 56210, at 9
    (D. Kan. Mar. 26, 2025)............................................................................. 5

*Brown v. Montoya*
    662 F.3d 1152, 1162-63 (10th Cir. 2011)................................................ 2, 13

*Chilcoat v. San Juan Cnty., Utah*
    41 F.4th 1196, 1207 (10th Cir. 2022)......................................................... 2

*Christy Sports, LLC v. Deer Valley Resort Co.*
    555 F.3d 1188, 1192 (10th Cir. 2009)......................................................... 4

*Conley v. Gibson*
    355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)............................................... 4-5

*E.E.O.C. v. Burlington N. Santa Fe R.R.*
    No. 12-2634, 2013 U.S. Dist. LEXIS 49504,
    2013 WL 1397130, at 7-8 (D. Kan. Apr. 5, 2013)...................................... 19

*Ellis v. United Airlines, Inc.*
    73 F.3d 999, 1006 (10th Cir. 1996)........................................................... 20

*Elwell v. Byers*
      699 F.3d 1208, 1213 (10th Cir. 2012).......................................................... 3

*Fowler v. UPMC Shadyside*
      578 F.3d 203, 213-14 (3rd Cir. 2009)......................................................... 19

*Gonzalez v. Whitaker*
      97 N.M. 710, 714, 643 P.2d 274, 278 (Ct. App. 1982)............................... 22

*Jurczyk v. Cox Communs. Kan., LLC*
      No. 14-CV-454-TCK-FHM, 2015 U.S. Dist. LEXIS 1382,
      at 7 (N.D. Okla. Jan. 7, 2015).......................................................... 16, 18-19

*Lavespere v. Niagara Machine & Tool Works, Inc.,*
      910 F.2d 167, 174 (5th Cir. 1990).............................................................. 24

*Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*
      565 F.3d 1232, 1249 (10th Cir. 2009)........................................................ 27

*Murphy v. Samson Res. Co.*
      525 F. App'x 703, 707 (10th Cir. 2013)...................................................... 17

*Nixon v. City & Cnty. of Denver*
      784 F.3d 1364, 1370 (10th Cir. 2015)........................................................ 20

*Phillips v. Hillcrest Med. Ctr.*
      244 F.3d 790, 800 n.10 (10th Cir. 2001)................................................... 25

*Reynoldson v. Shillinger*
      907 F.2d 124, 126-27 (10th Cir. 1990)......................................................... 4

*Robbins v. Oklahoma*
      519 F.3d 1242, 1248 (10th Cir. 2008)........................................................... 2

*Singleton v. Wulff*
      428 U.S. 106, 96 S. Ct. 2868 (1976)......................................................... 21

*Sutton v. N.M. Dep't of Children, Youth & Families*
      922 F. Supp. 516 (D.N.M. 1996)............................................................... 13

*United States v. Christy*
    739 F.3d 534, 539 (10th Cir. 2014)........................................................ 23-24

*United States v. Dieter*
    429 U.S. 6, 8, 97 S. Ct. 18, 50 L. Ed. 2d 8 (1976)..................................... 23

*United States v. Mabry*
    728 F.3d 1163 (10th Cir. 2013).................................................................... 3

*Valdez v. State*
    83 N.M. 720, 722, 497 P.2d 231, 233, cert. denied,
    409 U.S. 1077, 34 L. Ed. 2d 666, 93 S. Ct. 694 (1972)............................. 22

*Waller v. City & Cnty. of Denver*
    932 F.3d 1277, 1282 (10th Cir. 2019)........................................................ 2

*White v. N.H. Dep't of Emp't Sec.*
    455 U.S. 445, 450, 102 S. Ct. 1162, 1166 (1982)...................................... 23

## RULES/REGULATIONS

Fed. R. Civ. P. 12(b)(6)...................................................................................... 2-9

Fed. R. Civ. P. 59(e)...................................................................................... 10, 22-28

29 C.F.R. § 1630.2(j)(1)(ix)................................................................................ 12

29 C.F.R. § 1630.2(j)(4)(ii)................................................................................ 12

## STATUTES

42 U.S.C.S. § 12102(3)(B)................................................................................. 12

§ 28-1-2 (O) NMSA 1978.................................................................................. 11

§ 28-1-2 (P) NMSA 1978................................................................................... 11

§ 28-1-7 NMSA 1978......................................................................................... 22

# INTRODUCTION

The Answer Brief grossly conflates many of Spinelli's arguments, picking the portions to which there is a snappy retort and ignoring the rest. Coherus' Answer Brief also repeatedly distorts and misrepresents the lower court's rulings, inserting its own arguments by simply prefacing certain statements with 'as the District Court correctly determined' without citation to the Order(s) on appeal.

Whether Coherus' vaccine mandate was facially neutral is of no consequence for purposes of this Appeal, as facial-neutrality was not assessed or determined by the lower court. AB, 30.[1] Whether the mandate was announced before Spinelli's protected activity is also of no consequence in this appeal as the lower court's determination regarding causal connection was explicitly based on the date of the protected activity (exemption request) and the date of the adverse action (termination). AB, 11, 30.

Spinelli petitions the Court to concentrate its review upon the contentions advanced within the Opening Brief[2] and to disregard the obfuscatory diversions proffered by Coherus.

---

[1] References to Appellee's Answering Brief will be denoted as "AB, [page number],   [paragraph number]."

[2] References to Appellant's Opening Brief will be denoted as "App. Br., [page number],   [paragraph number]."

# ARGUMENT

## I.  DISTRICT COURT INCORRECTLY DISMISSED COUNTS I AND IV.

Spinelli reincorporates the facts and allegations set forth in his Opening

Brief as if fully set forth herein.

### A. <u>Standard of Review for Dismissal Pursuant to Fed. R. Civ. P. 12(B)(6).</u>

The court uses the Iqbal/Twombly standard to determine whether plaintiffs

have stated a plausible claim. *Brown v. Montoya,* 662 F.3d 1152, 1162-63 (10th Cir.

2011). In applying this standard the court takes plaintiff's well-pleaded facts as

true, views them in the light most favorable to plaintiffs, and draws all reasonable

inferences from the facts in favor of plaintiff. *Id.* at 1162. The court disregards

conclusory statements and look to the remaining factual allegations to see whether

plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver,* 932 F.3d

1277, 1282 (10th Cir. 2019). "When assessing plausibility, a plaintiff's allegations

are 'read in the context of the entire complaint.'" *Chilcoat v. San Juan Cnty., Utah,*

41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted). Courts must draw on their

experience and common sense in evaluating the plausibility of a claim. *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The degree of

specificity needed to establish plausibility and provide fair notice depends on the

context and the type of case. *Id.; Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th

Cir. 2008).

2

Coherus avers that Spinelli's Pleading is deficient in factual allegations, resting instead on legal conclusions, failing to substantiate the asserted claim. Nevertheless, Coherus presents a distorted portrayal of Spinelli's allegations and employs improper citation of the record to defend the district court's dismissal pursuant to Rule 12(b)(6).

In addition to its misrepresentation of Spinelli's factual allegations, the Answer Brief cites to *United States v. Mabry*, 728 F.3d 1163 (10th Cir. 2013) as the applicable standard of review for dismissal of Spinelli's claims under 12(b)(6). *United States v. Mabry*, states "[i]n its review, the Court of Appeals can affirm a district court's decision 'on any grounds adequately supported by the record, even grounds not relied upon by the district court.'" *United States v. Mabry*, at 1166. Coherus attempts to expand the applicability of *Mabry* as being universally applied to all Rule 12(b)(6) dismissals. However, this standard is usually applied when addressing the constitutional merits of a case. *Elwell v. Byers*, 699 F.3d 1208 (10th Cir. 2012)(stating, "[t]he statutory basis of the district court's conclusion does not foreclose our review of the constitutional question.") *Id.* at 1213.

Here, the constitutional merits are not being litigated. Rather, the court should look at the context of the complaint as a whole. Not every fact must be described in specific detail. *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957). The plaintiff whose factual allegations are close to stating a claim but are missing

some important element that may not have occurred to him, should be allowed to amend his complaint. *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990).

While this Court has authority to uphold a district court's ruling on any sufficiently supported basis within the record, precedent indicates this approach is applied in specific and limited situations.

**B. District Court Improperly Applied Twombly/Iqbal Standard In Dismissing Pleading Under Rule 12(B)(6).**

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Twombly,* 550 U.S. at 556; *e.g. Christy Sports, LLC v. Deer Valley Resort Co.,* 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)). When considering a Rule 12(b)(6) motion, the court must assume that factual allegations in the complaint are true, but it is "not bound to accept as true a legal conclusion couched as a factual allegation[.]" *Iqbal,* at 678. While this pleading standard does not require detailed factual allegations, it demands more than a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action, which, as the Supreme Court explained, will not do. *Broil v. Kan. Bureau of Investigation,* No. 24-2029-DDC-RES, 2025 U.S. Dist. LEXIS 56210, at 9 (D. Kan. Mar. 26,

2025) (internal quotations and citations omitted).

Spinelli contends that he sufficiently pled facts in the Amended Complaint under Twombly/Iqbal. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Rather, the rules require "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley,* at 47. The district court's standard does not necessitate that the plaintiff plead specific facts that can only be obtained through discovery. *Twombly*, at 556 ("[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence". . . "[a]nd, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'")(internal citations omitted).

Here, Spinelli adequately presented factual allegations in his pleading, establishing plausible claims for Counts I and IV. App. Br., 12-17. Spinelli's factual allegations were presented with the requisite specificity and sufficient detail to defeat the Motion to Dismiss. The factual allegations contained within the Amended Complaint were subsequently elaborated upon and substantiated by evidence, thus further establishing the sufficiency of Spinelli's initial pleading

before the district court. Coherus misconstrues these supplementary details as indicative of a deficient initial pleading. This interpretation is erroneous. Spinelli's later filings did not introduce new allegations or claims; rather, they served to provide further explanation and clarifying detail to existing allegations, thereby elucidating their sufficiency.

Coherus incorrectly portrays Spinelli's pleading as lacking substance and relying on unsubstantiated claims. This characterization by Coherus is inaccurate by reason of its inclusion of misleading record references, its exaggeration of certain facts, and its utilization of puffery.

C. **<u>District Court Incorrectly Dismissed NMHRA Disability Discrimination Claim</u>**

i. **Appellant Has Alleged a Disability/Serious Medical Condition as Defined by the NMHRA**

Coherus' contention that Spinelli improperly relies on "post hoc" allegations to excuse a purported failure to sufficiently allege a disability or serious medical condition under the NMHRA is not supported by the record or the law. Contrary to Coherus' assertions, the Amended Complaint specifically identified that Spinelli suffers from a prior adverse reaction to a vaccine—resulting in permanent nerve damage—that materially impacts his ability to receive further vaccinations without serious health consequences. This condition implicates major life activities, notably hindering access to essential medical treatments, such as vaccinations, as

detailed within the Amended Complaint. App. 27, ¶29.[3] Spinelli asserted that his physician advised that his previous adverse reaction to vaccination precluded him from receiving the Covid-19 vaccine, and as a result was terminated from his employment. App. 27, ¶31. Spinelli's inability to take the Covid-19 vaccine, which is considered an ameliorative therapy under the ADA and FDA, (App. Br., 25 ¶1) demonstrates his medical condition substantially limits major life activities.

Due to suffering from nerve damage, Spinelli is permanently paralyzed on his left side. App. 27, ¶29. Paralysis to the left side of Spinelli's body, significantly restricts his engagement in major life activities. Spinelli expounded on the details of the substantial limitations in his subsequent filings and affidavit. App. 101-102; 187; 220 ¶4-5. Spinelli's Pleading states he suffered from "Trigeminal nerve problems" which also means trigeminal neuralgia (TN), which causes intense, shock-like facial pain. App. 27, ¶31. The subsequent submissions from Spinelli provided detailed evidence of the significant impact and severity of TN on his daily life activities, resulting in an inherent and substantial limitation of major life activities. App. 101-102; 187; 220 ¶4-5.

Coherus' Answer Brief consists of numerous misstatements or mischaracterization of facts alleged in the Amended Complaint and Opening Brief. Coherus' misrepresentations include but are not limited to:

---

[3] References to Appellant's Appendix will be denoted as "App. [page number], [paragraph number]."

1. Coherus mischaracterizes the allegations in Spinelli's Amended Complaint when it asserts that Spinelli previously admitted to regaining partial mobility "approximately a month" later and that he "is no longer paralyzed." AB, 19. The actual language of the Pleading makes clear that while partial mobility did return, Spinelli "was left with permanent, irreversible nerve damage as a result of the vaccination." App. 27, ¶29. This allegation speaks directly to an ongoing disability—not a recovery. Coherus' characterization implies full restoration of function, contradicting the factual pleading and minimizes the continuing severity of Spinelli's impairment.

2. Coherus also asserts that Spinelli has newly introduced "trigeminal neuralgia" into the case, whereas he had only previously referred to "trigeminal nerve problems." AB, 19. This distinction is immaterial. The Amended Complaint explicitly states that Spinelli's healthcare provider advised Coherus that "Mr. Spinelli has a prior vaccine injury, which resulted in permanent nerve damage and trigeminal nerve problems." The provider's note used the general term appropriate for internal medical communications, and at that stage there was no legal requirement for a formal diagnosis label like "neuralgia." Characterizing the nerve damage as trigeminal neuralgia reflects a refinement, not an expansion, of the original factual basis and is entirely consistent with both the allegations and supporting documentation already submitted. App. 27, ¶31.

3. Coherus next claims that Spinelli raises for the first time an allegation that he has a "permanently deformed hand" rendering it "useless in the operation of a vehicle," and that there is no citation to support this. AB, 20. That is misleading. The Amended Complaint states that Spinelli's adverse vaccine reaction "caused the entire left side of his torso and face to become

paralyzed," and that the injury resulted in "permanent, irreversible nerve damage." App. 27, ¶29. Given his facial and torso paralysis and lasting nerve damage, it is reasonable to infer functional limitations in his hand, including issues affecting safe vehicle operation. Despite not explicitly saying "useless in the operation of a vehicle," the complaint's factual allegations imply these type of limitations, meeting Rule 8's pleading standards.

4. Coherus argues that Spinelli cannot cite to the record to support his assertion that he is unable to operate parts of his face and hand "as that of an average person." AB, 20. Again, the Amended Complaint alleges that Spinelli was paralyzed on the left side of his torso and face, that he only regained partial mobility after a month, and that he continues to suffer permanent, irreversible nerve damage. App. 27, ¶29. These facts simply illustrate the sort of functional limitations referenced. No further specificity is required at the pleading stage; the Complaint sufficiently places Coherus on notice that Spinelli's major life activities are impaired, as required under the NMHRA.

5. As for Coherus' assertion that Spinelli now improperly introduces difficulties with "chewing and brushing his teeth" without a citation (AB, 20), this argument misses the point. The Amended Complaint establishes paralysis and permanent facial nerve damage. App. 27, ¶29. The inability to chew or brush one's teeth is a routine and foreseeable consequence of such damage to the facial nerves. Spinelli was not required to enumerate every affected daily task. Pleadings are judged by whether they provide fair notice of the claim and its grounds. The claim that he has difficulty with oral and facial hygiene tasks flows naturally from the pleaded injury, particularly with respect to his physician's diagnosis of trigeminal nerve problems, which

9

was specifically pled in the Amended Complaint.

6. Coherus points to a factual assertion that Spinelli burned himself while cooking and only noticed the injury after seeing redness and blistering, arguing that this too is new and not in the record. AB, 20. While this anecdote is not in the Amended Complaint itself, it is included in Spinelli's sworn affidavit, which was attached as Exhibit 1 to his Motion to Alter or Amend Judgment. App. 220, ¶5. That affidavit forms part of the Rule 59(e) record and is appropriate for the Court to consider at this procedural juncture. The cooking injury exemplifies the persistent sensory impairments detailed in the Amended Complaint. Rather than being a contradiction or a new claim, this practical example reinforces and elaborates on the effects of the permanent nerve damage already outlined in paragraph 29 of the Amended Complaint.

Coherus's Answer Brief contains factual inaccuracies concerning issues on appeal. Its assertion that Spinelli is no longer paralyzed is not supported by the record. Coherus' claim that Spinelli cannot cite to the record to support his assertion that he is unable to operate parts of his face and hand deliberately ignores Spinelli's allegations that he was paralyzed on the left side of his torso and face, and only regained partial mobility. Finally, Coherus's contention that Spinelli introduced "trigeminal neuralgia" into the case, whereas he had only previously referred to "trigeminal nerve problems" fabricates an issue and disregards the interchangeability of lay terminology with medical nomenclature. These inaccuracies undermine the credibility of Coherus' arguments and warrant careful

10

consideration.

> ### ii. Pleadinng Sufficiently Contains Allegations of a Serious Medical Condition covered by NMHRA Which Substantially Limits Major Life Activities

A "physical or mental disability" under the NMHRA "means a physical or mental impairment that substantially limits one or more of a person's major life activities. A person is also considered to have a mental or physical disability if the person has a record of a physical or mental disability or is regarded as having a physical or mental disability." § 28-1-2 (O) NMSA 1978. The NMHRA defines "major life activities" as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." § 28-1-2 (P) NMSA 1978.

Spinelli pled facts alleging a serious medical condition substantially limiting a major life activity. Spinelli alleged he had a record of physical disability. The Pleading expressly states that Spinelli suffers from permanent nerve damage and trigeminal nerve complications, paralysis to the left side of his face and torso, resulting from a prior vaccine injury which prevents him from receiving vaccines, and in this case, the COVID-19 vaccine. Spinelli alleged facts and submitted evidence substantiating his pre-existing physical disability attributed to a previous vaccine injury, as recorded in his physician's medical records and a completed questionnaire. App. 27, ¶31. These factual allegations and evidentiary material

provided a comprehensive account of Spinelli's medical history and the consequent

physical impairments, which prompted his physician to recommend against

administering the COVID-19 vaccine. Spinelli's disability inherently implies

significant limitations in major life activities such as caring for himself and

performing manual tasks. In his pleading, Spinelli specifically claimed that his

disability prevented him from receiving the vaccine, which is identified as a major

life activity under the NMHRA, as caring for oneself, and ADA. 42 U.S.C.S. §

12102(3)(B); 29 C.F.R. § 1630.2(j)(1)(ix) and § 1630.2(j)(4)(ii); e.g., App. Br., 25.

Moreover, vaccination requirements have become a condition of

employment in many healthcare-adjacent roles. This is the type of impairment

contemplated by the NMHRA's expansive definition of major life activities, which

includes working and the care of one's health. The risk of serious health

consequences from further vaccination is not hypothetical—it is a medically

substantiated limitation that directly affects Spinelli's daily living and employment

prospects.

### iii.    District Court Should Have Inferred a Substantially Limiting Disability Based on the Pleading

Foremost, the court should infer facts from the pleading that is most

favorable to the Plaintiff. *Brown v. Montoya,* 662 F.3d 1152, 1157 (10th Cir. 2011).

Coherus argues that Spinelli's allegations about vaccine reactions are vague

and do not provide any basis for the Court to draw a reasonable inference that

Appellant has a disability/serious medical condition that substantially limits a major life activity. AB, 21-23. To support this assertion, Coherus cites *Sutton v. N.M. Dep't of Children, Youth & Families,* 922 F. Supp. 516 (D.N.M. 1996) (dismissing disability discrimination claims even where the plaintiff alleged facts "by inference" that her disability affected her major life activities but failed to allege, even by inference, that her impairment substantially limits the major life activities and included no allegations regarding the severity, significant duration, or permanence of her condition.)

Sutton is distinguishable from this case, and should not be considered as supporting dismissal of Spinelli's claims. Importantly, the *Sutton* court concluded that "a fair reading of the complaint leads to the conclusion that Plaintiff's condition was successfully treated, and as such, would no longer significantly or permanently limit a major life activity." *Id.* at 519. The facts in this case are very different. Spinelli pled that he had a permanent damage from a prior vaccine injury, which includes permanent paralysis to the left side of his body, among other impairments, all of which are inherently severe and substantially limit major life activities. One of the major life activities that Spinelli pled that is substantially limited by his disability is his inability to receive the COVID-19 vaccine.

Notwithstanding, the additional facts alleged in Spinelli's subsequent filings explaining how his disability severely limits daily life activities should have been

reasonably inferred from his pleading. Spinelli's Amended Complaint delineates enduring nerve impairment, trigeminal nerve complications, and lasting paralysis of the face and torso. These asserted facts imply the further particulars he submitted in later filings. At a minimum, they demonstrate Spinelli's capacity to rectify any pleading issues if amendment were permitted, thus rendering amendment not futile.

### iv.    Appellant is a Qualified Person under NMHRA

The court did not address whether in-person work was an essential job function, nor did it make any determinations as to the reasonableness of the requested accommodation. While these topics are not issues on appeal, Spinelli addresses the speculative and conclusory arguments made by Coherus.

Coherus misrepresents Spinelli's allegations, stating "Appellant admitted that he could not fulfill an essential function of his job – in-person work. (App. Br. at 45-46)." AB, 26. This is patently false. Spinelli never stated that he could not fulfill an essential function of his job. Rather, in his Appellate Brief, he specifically states, "Spinelli demonstrated he was qualified to perform essential functions of his job with or without accommodation." App. Br. at 45. Coherus also misconstrues Spinelli's allegations, stating "Appellant preferred to continue to perform his job remotely into the future  . . . ." AB, 26. This, too, is patently false.

14

In his Brief, Spinelli argues that he "did not ask for an accommodation to work from home; rather, he asked that his job remain status quo, which was performing the vast majority of his work remotely because 38 of his 40 accounts could not meet in person anyway" and "to have another OAM cover the two accounts that he could not meet with in person, until the COVID-19 restrictions were lifted." App. Br. at 46 (internal citations omitted). Spinelli also contended that he "expected the COVID-19 pandemic to eventually end, or for restrictions to be lifted, particularly in light of the vaccine rollout and other preventive measures that were taking place. App. Br. at 46-47 (internal citations omitted).

Coherus argues "Appellant could not perform his job as an Oncology Account Manager without being vaccinated against COVID-19 because he was required to meet *in-person* with medical professionals who treat highly immunocompromised patients." AB, 26. However, Spinelli claimed that "[b]ecause he was hired during COVID-19 lockdowns, most of his work was performed at home, through phone meetings, virtual conferences, and email. He understood that upon restrictions being lifted, ***some of his work*** would be performed in person, with face-to-face meetings with customers." App. Br. at 45. Spinelli further stated that "[i]f he met with people in-person, he utilized all safety precautions available to him, including masking, COVID-19 tests, sanitizing, etc." *Id.*

Coherus erroneously concludes that "[w]orking remotely at all times in lieu

15

of being vaccinated against this novel virus is not a reasonable accommodation for an Account Manager specializing in the field of Oncology." AB, 26. This argument fails factually because Coherus misstates the accommodation Spinelli actually requested. Moreover, it is unsupported by applicable law.

In *Jurczyk v. Cox Communs. Kan., LLC,* No. 14-CV-454-TCK-FHM, 2015 U.S. Dist. LEXIS 1382, at 7 (N.D. Okla. Jan. 7, 2015), the court refused the Defendants' argument that, "because Plaintiff alleges she was terminated based on non-FMLA approved absences, she has conceded she was not qualified to perform the 'essential function' of having regular and punctual attendance." The court held that such an argument was premature, because "Plaintiff's allegations imply that, with a reasonable accommodation of a certain period of FMLA leave, she would have been able to return to her job, thereby fulfulling *(sic)* the essential function of attendance." *Id.* at 7-8 (internal quotations and citations omitted). The court held "this is sufficient to plausibly demonstrate that, with a reasonable accommodation, she remained 'qualified' to perform the essential functions of her job at the time of her termination." *Id.* at 8 (internal quotations omitted); *e.g., Murphy v. Samson Res. Co.,* 525 F. App'x 703, 707 (10th Cir. 2013)(explaining that "[a]n allowance of time for medical care or treatment may constitute a reasonable accommodation".)

Physical attendance was not an essential function of Spinelli's job, prior to and during the COVID-19 pandemic. Coherus misrepresents the facts that Spinelli

16

could not fulfill the essential function of in-person work because he was "required to meet in-person with medical professionals who treat highly immunocompromised patients." AB, 26. However, Spinelli was not *required* to meet in person, as only 2 of his 40 accounts permitted in-person visits, and even those accounts did not *require* in-person visits, as phone calls to those clients were still available. App. 27, ¶26; App. 144. What is more, of Spinelli's 40 customers, none of them required COVID-19 vaccinations, this mandate was exclusively required by Coherus. App. 277, line 15. Importantly, Spinelli never had contact with patients or direct caregivers.

Regarding the essential functions of Spinelli's job or the inherent job duties of his position, are questions of fact that should not be considered at the 12(b)(6) stage. As demonstrated above, Spinelli could perform the essential functions of his job with or without accommodations, and therefore Count I should not have been dismissed, nor would an amendment of the pleading have been futile.

v. **Appellant relies on Case Law Sufficient to Support his Claims**

Coherus argues that Spinelli inappropriately relied on *Allen v. SouthCrest Hosp.,* 455 F. App'x 827, 832, n. 5 (10th Cir. 2011), to claim "that he was not required to provide a precise description of the major life activity allegedly affected by his disability. (Id. at 23)." AB, 22. The *Allen* opinion states, "[i]n an EEOC charge and an initial complaint, a plaintiff under the Americans With

17

Disabilities Act (ADA), 42 U.S.C.S. §§ 12101 to 12213, is not required to provide a precise description of the major life activity allegedly affected by her disability. Fed. R. Civ. P. 8(a)(2); 29 C.F.R. § 1601.12." *Allen,* at 828. Coherus contends Spinelli's purported reliance on footnote 5 of the *Allen* opinion "is not accurate and "off-base." AB, 28.

Coherus misconstrues Spinelli's purpose for citing *Allen.* The district court in *Allen* dismissed her claims at the summary judgment phase in the case, not at the motion to dismiss stage as here. *See Jurczyk v. Cox Communs. Kan.,[4]* at 6-7 (explaining "Defendants' cited decision holding that a plaintiff's migraines were not a disability under the ADA, *Allen v. Southcrest Hospital,* 455 F. App'x 827 (10th Cir. 2011), turned on a developed factual record at the summary judgment stage, not an inadequately pled complaint.") The *Allen* court reviewed plaintiff's affidavit, deposition transcripts, and other proffered evidence. *Allen v. SouthCrest Hosp.,* at 832. After reviewing the full record, the Tenth Circuit agreed with the

---

[4] In *Jurczyk v. Cox Communs. Kan.,* the district court found that the "Plaintiff has clearly alleged that her migraines are severe and that they impact life activities of seeing, walking, talking, thinking, and driving. The Court will not require any greater degree of specificity at the pleading stage." *Id.* at 6-7; *see also E.E.O.C. v. Burlington N. Santa Fe R.R.,* No. 12-2634, 2013 U.S. Dist. LEXIS 49504, 2013 WL 1397130, at 7-8 (D. Kan. Apr. 5, 2013) (explaining that Tenth Circuit did not require this type of specific pleading in ADA cases prior to *Iqbal* and predicting that Tenth Circuit would follow Third Circuit's approach, which does not require a plaintiff "to go into particulars about the life activity affected by her alleged disability or detail the nature of her substantial limitations" at the pleading stage) (citing *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213-14 (3rd Cir. 2009)).

lower court and held that "Ms. Allen's claim of a substantial limitation in the major life activity of caring for herself was insufficiently developed and insufficiently supported by the evidence." *Id.* at 833.

Spinelli contends that although the plaintiff was unsuccessful in *Allen*, the district court and the Tenth Circuit appropriately scrutinized the evidence and executed the law, arriving at a resolution on the substantive aspects of the allegations rather than on procedural technicalities. Spinelli's Brief differentiates the factual basis presented by the plaintiff in *Allen* from the allegations and facts he himself pleaded and introduced in the lower court. This distinction demonstrates that, contrary to the plaintiff in *Allen*, Spinelli adequately showed his disability significantly restricts his major life activities. App. Br. 24-25.

### D. <u>District Court Incorrectly Dismissed  NMHRA Retaliation Claim.</u>

#### i. **Coherus' Purported Facially Neutral COVID-19 Vaccine Policy is Irrelevant to this Appeal.**

The lower court did not make any assessments or determinations as to whether Coherus' vaccine policy was facially neutral, nor did it utilize the announcement date in its temporal proximity calculations when analyzing causal connection. Although this 'chicken or the egg' debate is not germane to the issues on appeal and the authority cited by Coherus is distinguishable from this case, Spinelli addresses these speculative and conclusory arguments.

A facially neutral policy does not absolve an employer from fulfilling its

19

obligations to engage in a good-faith exploration of exemption and accommodation requests from protected classes, and is certainly not an automatic blockade to establishing causation. Without a legitimate and genuine exemption request process engaged in by the employer, even facially neutral policies can implicate and impact one group more than another. *Ellis v. United Airlines, Inc.,* 73 F.3d 999, 1006 (10th Cir. 1996) (concluding that subjective or discretionary employment practices may be analyzed under the disparate impact approach in appropriate cases. In the context of Title VII, disparate impact claims challenge employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.) (internal quotations and citations omitted).

Coherus cites *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1370 (10th Cir. 2015), but the pertinent facts are distinguishable from the instant matter. Spinelli's protected activity was an exemption/accommodation request, which required Coherus to consider and engage in, whereas *Nixon* (police officer) sought First Amendment protection for unrelated statements made after employer City's initial efforts to terminate him for excessive force.

### ii. Appellant Never Waived Arguments as to Temporal Proximity

Spinelli's pleading contains the timeline of events and Coherus' voluntary extensions to the vaccine deadline, therefore, temporal proximity arguments for

causal connection were not waived, rather only clarified and further explained in subsequent filings. However, this Court is not prohibited from reviewing any matter or issue, even those not reviewed below. *See Singleton v. Wulff*, 428 U.S. 106, 96 S. Ct. 2868 (1976) (holding "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases. We announce no general rule. . . . a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, . . . or where 'injustice might otherwise result.'")(internal citations omitted).

### E. <u>District Court Incorrectly Dismissed The Common-Law Retaliation Claim.</u>

While there is overlap between Spinelli's NMHRA and Common-Law claims, one does not automatically preclude the other. The "fact that the legislature acts to codify the public policy which underlies a common-law action does not, absent some evidence of an intent to the contrary, abolish the common-law action." *Valdez v. State*, 83 N.M. 720, 722, 497 P.2d 231, 233, *cert. denied,* 409 U.S. 1077, 34 L. Ed. 2d 666, 93 S. Ct. 694 (1972), As explained in his Opening Brief, Spinelli made implicit reference to the New Mexico Human Rights Act as the applicable public policy standard.

Coherus reduces Spinelli's actions down to a personal, private choice; a personal disagreement with his former employer's vaccine policy. This ignores the

fact that he engaged in a legally protected activity and, in doing so, inherently sought to preserve fundamental rights recognized under the law. Coherus supports its argument with a whistleblower case with little correlation to the instant facts.

## II. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(E) AND REQUEST FOR LEAVE TO AMEND

Spinelli reincorporates all preceding paragraphs as if fully set forth herein.

### A. The Standard of Review for the District Court's Denial of Rule 59(E) Motion to Alter or Amend is Abuse of Discretion.

Fed. R. Civ. P. 59(e) was adopted to clarify that the district court possesses the power to correct its own mistakes in the time period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 450, 102 S. Ct. 1162, 1166 (1982). A district court should have the opportunity to correct alleged errors in its dispositions. *See United States v. Dieter*, 429 U.S. 6, 8, 97 S. Ct. 18, 50 L. Ed. 2d 8 (1976).

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *United States v. Christy,* 739 F.3d 534, 537 (10th Cir. 2014). As demonstrated in *Christy*, courts can use

22

Rule 59(e) to acknowledge when its misapprehended the facts or the law, or to prevent manifest injustice.

In his 59(E) Motion, Spineilli sufficiently demonstrated that the district court erred when it granted the Motion to Dismiss, particularly with respect to Counts I and IV, and that such ruling should be reconsidered to prevent manifest injustice.

### B. <u>The District Court Abused Its Discretion In Denying Appellant's Rule 59(E) Motion to Alter Or Amend.</u>

#### i. District Court Improperly Denied Reconsideration of Disability Discrimination and Retaliation Claims in Count I

A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Christy,* at 537. A losing party may appeal from a final order granting summary judgment or seek reconsideration of the summary judgment under Rule 59(e) in the trial court. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990). If the party seeking reconsideration submits additional materials, the trial court may consider those materials in its discretion. *See Id.* at 172-75. If the lower court does consider the materials and still grants summary judgment to the moving party, the appellate court may review all of the materials de novo. *Id.* at 177-78. On the other hand, if the district court refuses to consider the materials, the reviewing court applies the abuse of discretion standard.

Coherus's contention that Spinelli failed to present newly discovered facts,

23

reflects a misunderstanding of Spinelli's petition to the district court. AB, 42.

Spinelli does not seek reconsideration of the court's previous ruling predicated

upon the introduction of novel factual evidence unavailable during the initial

decision. Rather, Spinelli's appeal is grounded upon a re-evaluation of the extant

factual record or the application of pertinent legal principles to established facts.

Given that Spinelli's Motion did not depend on the presentation of new factual

discoveries, Coherus's contention based thereon is rendered ineffectual and does

not provide a valid ground for affirming the lower court's ruling.

Coherus also contends that Spinelli did not include these allegations in a

proposed amended pleading pursuant to Rule 15. See AB, 42. Coherus references

Rule 15; however, it offers no further legal support for its argument that a proposed

amended pleading should have been included with Spinelli's Rule 59(e) Motion.

*Phillips v. Hillcrest Med. Ctr.,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("A litigant

who fails to press a point by supporting it with pertinent authority, or by showing

why it is sound despite a lack of supporting authority or in the face of contrary

authority, forfeits the point. The court will not do his research for him.") (brackets

omitted). Notwithstanding, Spinelli attached his affidavit to the Motion, which sets

forth the facts supporting Spinelli's allegations under Counts I and IV. Even if the

district court did not consider the facts in Spinelli's Affidavit, it still ruled that

amending the pleading would be futile and denied the request for that reason, not

because a proposed amended pleading was absent. App. 19, ¶2.

Coherus's contention that Spinelli's Rule 59(e) Motion was properly denied due to the absence of an attached amended complaint is demonstrably unfounded, lacking both factual basis in the record and legal justification in the authorities cited by Coherus.

> **ii.    The District Court Improperly Denied Reconsideration of Appellant's Common Law Retaliation Claim in Count IV of the Amended Complaint**

Here, the district court failed to acknowledge Spinelli's public policy argument grounded in the NMHRA. The Count IV of the Amended clearly articulates a public policy, which is the policy that protects individuals from discrimination based on disability and religion. App. Br. 42. This policy has been codified by the NMHRA. Spinelli's Rule 59(e) Motion contended that the district court incorrectly dismissed his common law retaliation claim. He argued that the NMHRA's policy against discrimination constitutes a legally sufficient public policy basis and should not have been dismissed at the 12(b)(6) stage.The district court erred when it denied Spinelli's Rule 59(e) Motion.

> **C. <u>District Court Incorrectly Denied Appellant's Request for Leave to Amend the Amended Complaint.</u>**

Coherus' application of Rule 15(a) is erroneous. AB, 44. The district court made no finding under Rule 15(a). The appropriate analysis should have been conducted pursuant to Rule 59(e).

As Coherus states, a party must succeed on his Rule 59(e) motion before seeking leave to amend following the dismissal of a complaint. AB, 44. A formal Motion for Leave to Amend under Rule 15(a) was therefore not filed by Spinelli.

In the court's Order Granting Motion to Dismiss, it noted that Spinelli's Response to Motion to Dismiss addressed deficiencies in his Amended Complaint but declined to consider the content under 12(b)(6) standard because it was not contained in the amended pleading. App. 171, FN5. The court's dismissal of Counts I and IV was *without* prejudice. Rule 41 specifies that a dismissal without prejudice permits the plaintiff to file a new pleading and continue to pursue his claims. Given the administrative obstacles preventing Spinelli from refiling his complaint, amending the existing complaint was his sole available option.

Spinelli requested the court's permission to amend his pleading in his Rule 59(e) Motion, and such motions do not mandate the inclusion of the proposed amended pleading. The court rejected this request, deeming amendment futile, but not due to the absence of the proposed pleading.

### i.    Appellant Meets His Burden Under Rule 59(e) in his Request for Leave to Amend

Although Spinelli did not attach a proposed amended Complaint to his Rule 59(e) Motion, he did articulate and explain how he proposed to alter the Complaint. The lower court denied Spinelli leave to amend based on futility (not failure to attach) therefore enough substance was presented in order for such a

determination to even be made. This Court should review the futility finding *de novo*.

Courts usually review the denial of leave to amend a complaint under the abuse-of-discretion standard. *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 700-01 (10th Cir. 2014). But when a district court denies leave to amend because amendment would be futile, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Schs.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

### ii. Amendment to the Amended Complaint Would Not Be Futile

Spinelli has demonstrated amendment would not be futile, at least not for the reasons stated in the lower court's Order denying the 59(e) Motion. Through his lower court filings, sworn affidavit, and as demonstrated in his Opening Brief, Spinelli has established substantial limitations to major life activities as a result of his physical disability and part of a protected class under the NMHRA. He has also narrowed the timeline of events for temporal proximity and causation purposes between the protected activity and adverse event of termination supporting his NMHRA retaliation claim. Finally, he has clarified with legal analysis the public policy that he was furthering by engaging in his protected activity to support his common law retaliation claim. App. 208, ¶2.

Spinelli contends that the Amended Complaint adequately pleaded Counts I

and IV, or at minimum, included facts from which their validity could be reasonably inferred through a favorable interpretation. Nevertheless, Spinelli concedes that a second amended complaint would have had the potential to further elaborate or elucidate these matters. The court's denial of the Rule 59(e) Motion constituted an improper preclusion of Spinelli's opportunity to petition for leave to amend his claim.

Respectfully submitted,

By: */s/ Vanessa L. DeNiro*
Vanessa L. DeNiro, Esq.
*Counsel for Appellant*
P.O. Box 45104
Rio Rancho, NM 87174
vanessa@denirolaw.com
Office: (505) 977-8975

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This brief contains 6,440 words total and complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type, compliant with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was

electronically filed and delivered to:

Faith Kalman Reyes
VERDI & OGLETREE PLLC
150 Washington Ave. No. 201
Santa Fe, NM 87501
Mobile: 505.660.0749
freyes@verdiogletree.com

Ryan Carlson, Esq.
Iman A. Wells, Esq.
NUKK-FREEMAN & CERRA, P.C.
26 Main Street, Suite 202
Chatham, New Jersey 07928
Tel: (973) 665-9100
Fax: (973) 665-9101
rcarlson@nfclegal.com
iwells@nfclegal.com


<u>*/s/ Vanessa L. DeNiro*</u>                                    <u>May 21, 2025</u>
Vanessa L. DeNiro, Esq.                                      Date